**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4538-16T3

LARRY PITT,

    Plaintiff-Appellant,

v.

TYRUS CHI, LLC[1],
and MICHAEL P. O'CONNELL,

    Defendants-Respondents.

_____

Argued July 31, 2018 – Decided August 16, 2018

Before Judges Sabatino, Mayer, and Mawla.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Docket No.
L-1974-15.

Clark W. Pease argued the cause for appellant
(Law Offices of Clark Pease, PC, attorneys;
Clark W. Pease, of counsel and on the briefs;
Paul N. De Petris, on the briefs).

Elizabeth A. Weber argued the cause for
respondents (Sweeney & Sheehan, PC, attorneys;
Giacomo F. Gattuso, of counsel; Joseph M.
Hauschildt, Jr., on the brief).

_____

[1]   Improperly designated as Michael P. O'Connell, trading as Trixie's Café.

PER CURIAM

Plaintiff Larry Pitt appeals from a May 26, 2017 order granting summary judgment in favor of defendants Tyrus Chi, LLC and Michael P. O'Connell. We affirm.

Plaintiff is the owner of a residential unit at a condominium complex located in Longport. The condominium complex had a café, known as Trixie's Café, serving breakfast and lunch during the summer season. O'Connell owned the café. As a unit owner, plaintiff received a $300 debit card limited to dining at the café. The condominium association, which managed the condominium complex, issued plaintiff's debit card.

Plaintiff dined at the café many times. Prior to the incident that is the subject of plaintiff's complaint, plaintiff and O'Connell discussed the sufficiency of gratuity amounts left by plaintiff for the café's waitstaff. While the parties admit to discussing gratuities, their respective memories of that discussion differ. The parties' conflicting recollections related to their discussion regarding gratuities has no bearing on our determination of the dispositive issues in this case.

A-4538-16T3

The dispute here stemmed from an incident on July 25, 2015, while plaintiff dined with a female companion.[2] At the end of the meal, the server presented a bill to plaintiff and advised him that a twenty percent gratuity, amounting to $4.20, had been added to the check. Plaintiff was not told of the added gratuity prior to consuming his meal. Consequently, he refused to pay the added gratuity. A dispute ensued between plaintiff and O'Connell regarding the payment of the added gratuity. O'Connell instructed plaintiff to leave the café. Plaintiff declined to leave the café, and O'Connell telephoned the Longport police department.

In O'Connell's call to the police department, he reported a customer in the café causing problems and refusing to leave.[3] O'Connell told the police dispatcher that plaintiff was hitting the table, was "about to blow his top," and was "pushing" his "wife." O'Connell requested the police remove plaintiff from the café. The police responded and plaintiff eventually left the café after paying his bill, without the disputed gratuity. No charges

---

[2] The female companion was misidentified as plaintiff's wife during a telephone call to police dispatch.

[3] An audiotape of O'Connell's 911 call to the Longport police department and a surveillance videotape of the incident were provided to the motion judge, but were not included in the parties' appellate submissions.

A-4538-16T3

were filed against plaintiff; however, the café banned plaintiff as a result of the incident.[4] Several months later, the condominium association refunded the unused balance on plaintiff's café debit card, amounting to $103.[5] Plaintiff did not cash the refund check.

Plaintiff filed suit against defendants, alleging violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210, common law fraud, and defamation per se. After completing discovery, defendants moved for summary judgment, seeking dismissal of plaintiff's complaint in its entirety.

The motion judge reviewed the written submissions and heard the arguments of counsel on May 26, 2017. In an oral decision, the judge granted defendants' motion and dismissed plaintiff's complaint. Among other things, the judge found plaintiff failed to demonstrate defendants committed any unlawful practice within the CFA. The judge noted that a $4.20 tip was added to the café bill, but found no evidence the gratuity was mandatory because plaintiff never paid the tip and no charges were filed against

---

[4] A written license agreement between the condominium association and the café allowed the café to refuse service to patrons for rude, abusive, and discourteous behavior.

[5] Defendants did not issue the debit card to plaintiff and therefore had no control regarding the issuance of a refund for any balance on the card or the timing of a refund.

plaintiff. The judge also determined plaintiff "failed to establish an ascertainable loss as a result of defendants' including a $4.20 gratuity on his bill." The judge further explained "[p]laintiff has not produced any expert testimony to quantify the damages he suffered by not being able to access the café" from July 25, 2015, through Labor Day 2015.

Based on her review of the 911 call and the videotape, the motion judge deemed the exchange between plaintiff and O'Connell "a heated incident." Because plaintiff was unable to demonstrate O'Connell's statement to the 911 police dispatcher denigrated his reputation, other than offering speculation and conjecture that the condominium complex residents were gossiping about the incident, the judge dismissed the defamation claim.

The motion judge also held truth was an absolute defense to plaintiff's defamation action. Having heard the audiotape of the 911 call and viewed the videotape of the incident, the judge determined that plaintiff had pushed his female companion's hand away while the companion attempted to persuade plaintiff to leave the café. The judge also determined O'Connell told the police that plaintiff pushed his companion. Since O'Connell accurately reported plaintiff was "pushing" his "wife," the judge found plaintiff's defamation per se claim failed as a matter of law.

Lastly, in dismissing plaintiff's common law fraud claim, the motion judge held defendants did not make a material misrepresentation because plaintiff was told by the café's staff that a gratuity had been added to his check. Nor did plaintiff proffer sufficient evidence of damages, because he never paid the gratuity. Plaintiff also received a reimbursement check for the unused balance on his condominium debit card. However, plaintiff elected not to cash the check. Regarding plaintiff's alleged damages based on his inability to dine at the café because O'Connell banned him, the judge concluded plaintiff failed to quantify such damages. We disagree.

On appeal, plaintiff argues the motion judge erred in dismissing his complaint as a matter of law because there were genuine issues of material fact precluding summary judgment for defendants.

We review a ruling on summary judgment de novo, applying the same standard governing the trial court. <u>Davis v. Brickman Landscaping, Ltd.</u>, 219 N.J. 395, 405 (2014). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." <u>Id.</u> at 406 (quoting <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 540 (1995)). We

analyze issues of law de novo and accord no deference to the trial judge's conclusions of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

To prevail on a CFA claim, a plaintiff must show: (1) the merchant engaged in an unlawful practice contrary to N.J.S.A. 56:8-2; (2) plaintiff suffered an "ascertainable loss"; and (3) the loss was caused by the merchant's unlawful practice. Lee v. Carter-Reed Co., LLC, 203 N.J. 496, 521 (2010); see also N.J.S.A. 56:8-2.

Having reviewed the record, even in a light most favorable to plaintiff, we agree with the motion judge that plaintiff failed to demonstrate an ascertainable loss to prevail on his CFA claim.[6] A plaintiff is required to provide specific proofs in support of an ascertainable loss, and subjective assertions of a loss are insufficient to sustain a CFA claim. Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 252 (2005). Plaintiff bears the burden of establishing he suffered an ascertainable loss that is quantifiable. Id. at 248. A plaintiff cannot recover damages under the CFA where he or she is unable to show actual harm. See

---

[6] We recognize the parties disagree whether there was unlawful conduct on the part of defendants under the CFA. However, it is unnecessary to address that issue because even if plaintiff could prove unlawful conduct by particular defendants consistent with the CFA, plaintiff cannot establish he suffered an ascertainable loss.

A-4538-16T3

<u>Dabush v. Mercedez-Benz USA, LLC</u>, 378 N.J. Super. 105, 116 (App. Div. 2005). Moreover, a plaintiff must be able to demonstrate the amount of the ascertainable loss to a reasonable degree of certainty. <u>Ibid.</u>

Here, plaintiff never paid the $4.20 gratuity added to his July 25, 2015 café check and thus suffered no loss in that regard. Plaintiff's contention that the delay in refunding the unused amount on his condominium-issued debit card constitutes an ascertainable loss fails to support a claim under the CFA. The condominium association, not defendants, issued the debit card and it decided whether and when to issue a refund to plaintiff. Defendants had no control as to the amount or timing of the issued refund. Moreover, plaintiff elected not to cash the refund check for the unused amount on his debit card.

Plaintiff's claim that he was unable to dine at the café after July 25, 2015, because he was banned by O'Connell, causing him to suffer an ascertainable loss, is similarly without basis. The café had the absolute right under its license agreement with the condominium association to refuse to service patrons who were abusive, disruptive, or discourteous to café staff. Plaintiff was banned from the café as a result of the incident on July 25, 2015. Plaintiff failed to present any competent evidence in support of his claimed loss attributable to being banned from the café.

A-4538-16T3

We next review plaintiff's common law fraud claim.  To prevail on a claim for common law fraud, a plaintiff must prove: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."  Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997).

In this case, the café check expressly included a $4.20 gratuity on plaintiff's bill.  The server informed plaintiff that a gratuity had been added to the bill.  Thus, defendants made no misrepresentation concerning the gratuity.

Even if the inclusion of the gratuity on plaintiff's café bill could be deemed a misrepresentation, plaintiff is unable to prove the other elements required to sustain his common law fraud claim.  Plaintiff never paid the $4.20 gratuity, or any gratuity, that day, and therefore did not "rely" on the purported misrepresentation.  Because plaintiff never paid the added gratuity on the July 25, 2015 bill, he suffered no damages.  Since plaintiff failed to satisfy the elements to prove common law fraud, summary judgment on that claim was proper.

We next examine plaintiff's defamation per se claim.  To prevail on a defamation claim, a plaintiff must prove damages and that the allegedly defamatory statement was: (1) false; (2)

communicated to a third party; and (3) tends to lower the plaintiff's reputation in the community or deter others from associating with plaintiff.  W.J.A. v. D.A., 210 N.J. 229, 238 (2012).  Defamation per se requires a finding that the statement clearly denigrates a person's reputation such that the court alone may determine the statement is defamatory without the need to submit the issue to a jury.  Biondi v. Nassimos, 300 N.J. Super. 148, 152-53 (App. Div. 1997).  Truth is an absolute defense to a defamation action and defeats such an action "even when a statement is not perfectly accurate."  G.D. v. Kenny, 205 N.J. 275, 293 (2011).

Here, plaintiff admitted he had pushed his companion's hand when she attempted to persuade him to leave the café.  The motion judge, who viewed the videotape of the incident, observed plaintiff pushing his companion's hand.  At no time during the call to police dispatch did O'Connell claim plaintiff assaulted his female companion or anyone else in the café.  O'Connell truthfully stated plaintiff was "pushing" his companion.

Nor does the record reflect that O'Connell's statement in the 911 call to the police denigrated plaintiff's reputation. Plaintiff offered no competent evidence in support of his claim that residents of the condominium complex considered his status

10

in the community diminished or declined to associate with him as a result of the incident in the café.

Based on the summary judgment record, there were no material disputed facts that precluded the entry of summary judgment in favor of defendants as to plaintiff's claims. We discern no basis to reject the judge's sound application of the law to the undisputed facts in dismissing plaintiff's complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4538-16T3